RANDY S. GROSSMAN
United States Attorney
OWEN ROTH
J'ME K. FORREST
California Bar. Nos. 335892 & 290579
Assistant United States Attorneys
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7710
Email: owen.roth@usdoj.gov

Attorneys for Plaintiff
The United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Criminal Case No. 21-CR-1289 TWR |
|---|---|
| Plaintiff, | **UNITED STATES' PROPOSED *VOIR DIRE* QUESTIONS** |
| v. | |
| NAMEER MOHAMMAD ATTA, | The Honorable Todd W. Robinson |
| Defendant. | |

The United States of America, by and through its counsel, Randy S. Grossman, United States Attorney, and Owen Roth and J'me K. Forrest, Assistant United States Attorneys, hereby files its proposed *voir dire* questions for the Court. The Government asks the Court to conduct its standard *voir dire* to inquire about the *venire* panel-members' backgrounds, professional lives, families, connections to law enforcement, prior jury service, and the like. In addition, the Government proposes the following *voir dire*.

1. The Court will instruct you about the law. Will you follow the law as given by the Court and disregard any idea or notion you have about what the law is or should be?

2. This case involves the alleged distribution of fentanyl resulting in a death. Does anyone feel strongly that the federal drug laws are unreasonable? Does anyone believe that drugs should be legalized? If so, would your views prevent you from being fair and impartial in this case? If you become a juror in this trial, will you be able to follow the federal law of

the United States as the judge instructs you, even if you believe the federal drug laws are unreasonable?

3. The Court will instruct you that your role as the jury is to be the judge of the facts and only to decide the question of innocence or guilt. It is for the Court to decide matters like what evidence may be admitted, what questions may be asked, and what punishment should be imposed, if any. Does anyone feel that they will have a difficult time fulfilling the role of the jury as the Court has explained it?

4. During this trial, if you have any feelings of pity or sympathy for the defendant, can you say confidently that you will be able to put those feelings aside and judge this case solely on the facts and the law?

5. Do any of you feel that people make their own choices and are responsible for any negative consequences of their choices? Do you feel that people who use drugs are responsible for any negative consequences of their drug use?

6. The United States will be calling witnesses employed by federal law enforcement and by the military. Is anyone here skeptical of law enforcement or the military, such that you would not be able or willing to consider the testimony of these witnesses as though they were any other witness? Does anyone have any negative views of law enforcement or the military that would prevent you from being fair and impartial? Against law enforcement generally?

7. Has anyone had an unpleasant or negative experience with any law enforcement or military personnel? Would that cause you to be biased?

8. Has anyone ever had any disputes with any agency of the United States Government? If so, please describe.

9. Have you or any relatives or close friends of yours ever been accused of, or charged with, a crime? How do you feel that you, or the person you know, was treated in that process? Do you feel that you or that person was treated unfairly?

10. Have you or any relatives or close friends of yours been the victim of a crime? How do you feel that you, or the person you know, was treated by law enforcement in that process?

11. Part of this case is going to involve deciding what was in the defendant's mind. None of us can look directly into a person's mind and see what they knew or thought, and so the Government will have to prove what was in the defendant's mind with circumstantial evidence—that is, with evidence of things like the defendant's words, actions, and omissions. Is anyone here uncomfortable or unwilling to evaluate circumstantial evidence? Is anyone here going to assume or believe that the Government's case is weaker because it is presenting circumstantial evidence?

12. Does anybody feel that a defendant's age, gender, race, ethnicity, or other characteristic are reasons they would have a harder time judging this case solely on the facts and the law?

13. Does everybody understand that both the defendant and the Government are entitled to a fair trial?

14. Does anybody have any moral or religious reservations that might prevent them from standing in judgment of another person? Does the possibility that the defendant could receive a form of punishment if convicted make it more difficult for any of you to serve on a jury?

15. Is anyone here involved in criminal defense work? Does anyone have any friends or family members who are involved in criminal defense work?

16. Does anyone have any other training in the law?

17. The law requires the United States to prove its case against the defendant beyond a reasonable doubt. If you are selected, would you want the United States to prove its case by a higher standard of proof, *e.g.*, beyond all possible doubt?

//
//
//

18.  A reasonable doubt is a doubt based upon reason and common sense, and is not based on speculation. If after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, will you follow your duty and find the defendant guilty?

DATED: September 19, 2022,  Respectfully Submitted,

RANDY S. GROSSMAN
United States Attorney

/s/ *Owen Roth*
OWEN ROTH
J'ME K. FORREST
Assistant United States Attorneys